## SHAW v. RAILROAD RETIREMENT BOARD.

### No. 2475.

District Court, E. D. Wisconsin.

March 26, 1946.

Cleland P. Fisher, of Janesville, Wis., for plaintiff.

Myles F. Gibbons and Edward E. Reilly, both of Chicago, Ill., for defendant.

DUFFY, District Judge.

This is an action against the Railroad Retirement Board charged with administering the Railroad Retirement Acts of 1935 and 1937, 49 Stat. 967, 45 U.S.C.A.

§§ 215–228, as amended by 50 Stat. 307, 45 U.S.C.A. §§ 228a–228s. It is the second action[1] brought by the plaintiff in this court following the administrative rejections of his application for an annuity. The evidence on the trial consisted entirely of photostat reproductions of the administrative proceedings on his application, together with incidental correspondence. These have the force and effect of originals pursuant to stipulation of the parties.

On July 2, 1940, the plaintiff filed with the board his application for an annuity claiming that on or after August 29, 1935 (enactment date of the act), he was on furlough from the Chicago, Milwaukee, St. Paul & Pacific Railroad Company. Consideration was given to his application by the board's initial adjudicating unit, the Division of Retirement Claims. The record filed by the railroad before the Division of Retirement Claims shows that the plaintiff last worked for it during August, 1926, that he was laid off at that time and that the railroad on October 15, 1926, closed his record as an employee because of his failure to comply with a rule in the schedule agreement governing his class of employment. The plaintiff did not thereafter re-enter the railroad's service. On the railroad's records as of August 29, 1935, the plaintiff's name did not appear as being on furlough, on leave of absence, or absent on account of sickness or disability.

The railroad's rule with which the plaintiff failed to comply provided that employees laid off on account of reduction of force must, in order to retain their rights to return to active service of the railroad, file their addresses with their employing officer every sixty days. The plaintiff failed to comply with this rule. His failure to do so operated to terminate his "employment relation" with the railroad. Board's Regulations, §§ 204.3(c) and 204.2(f).

The Division of Retirement Claims decided that the plaintiff was not eligible for an annuity since he did not have an "employment relation" with the railroad on or after the critical date, August 29, 1935.

The plaintiff on March 20, 1941, filed his appeal from the decision of the Division of Retirement Claims to the Appeals Council of the board. The chairman of the Appeals Council under date of March 24, 1941, wrote to the plaintiff: "Unless you advise that you have further pertinent evidence to submit, your appeal will be considered by the Appeals Council on the basis of the information in your file as soon as it is reached on the Appeals Council's docket." On October 25, 1941, the plaintiff addressed a letter to the Appeals Council advising that he had been suffering from disabling physical infirmities over an extended period of years resulting, according to his claim, from the nature and character of his railroad employment.

On June 18, 1942, the Appeals Council unanimously confirmed the decision in question rendered by the Division of Retirement Claims. At the time a copy of the Appeals Council's decision was mailed to the plaintiff.

Decisions of the Appeals Council are appealable to the board itself within four months after the Appeals Council's decision is communicated to the applicant. 20 Code Fed.Reg. §§ 260.1–260.4. The plaintiff did not avail himself of his right of appeal to the board and allowed his matter to rest with the June 18, 1942, decision of the Appeals Council until September, 1943. At that time he moved in writing with the aid of counsel for a reopening of the hearing of his application before the Appeals Council and in that behalf submitted several supporting affidavits. The Appeals Council by letter dated September 11, 1943, disallowed the plaintiff's motion and advised him that its decision of June 18, 1942, concluded its handling of his application.

The plaintiff's next step was the institution of his first action in this court, which dismissed as hereinbefore indicated, was in turn followed by the bringing of the instant action in which review is sought of the administrative action outlined.

The jurisdiction of this court in the situation is defined by section 11 of the 1937 act, 45 U.S.C.A. § 228k, as follows: "An employee or other person aggrieved may apply to the district court of any district wherein the Board may have established an office or to the District Court of

---

[1] On February 15, 1944, the plaintiff filed complaint in his first action against the board (Civil Action No. 1416) which on January 29, 1945, was dismissed for want of prosecution. The complaint in the instant action was filed on June 30, 1945, naming the United States, in addition to the board, as a defendant. On September 24, 1945, the action as to the United States was dismissed.

the United States for the District of Columbia to compel the Board (1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant or (2) to take action or to make a decision necessary for the enforcement of a legal right of the applicant. Such court shall have jurisdiction to entertain such application and to grant appropriate relief. The decision of the Board with respect to an annuity, pension, or death benefit shall not be subject to review by any court unless suit is commenced within one year after the decision shall have been entered upon the records of the Board and communicated to the person claiming the annuity, pension, or death benefit. * * *"

No "action or decision of the board" is here involved. The administrative process on plaintiff's application ended with the decision of the Appeals Council which, with the right of appeal to the board being provided for, did not represent an "action or decision of the Board." Under section 11, quoted above, it is obvious that a decision of the Appeals Council cannot substitute for or be held as the equivalent of a decision of the board itself. Until the board has rendered a decision adverse to an applicant there is no basis under the law upon which the court's jurisdiction can rest. As the plaintiff failed to take an appeal to and secure a decision of the board, he did not exhaust his administrative remedies, the prior exhaustion of which constitutes a condition precedent to the lawful exercise of jurisdiction by this court in cases under the act. Bruno v. Railroad Retirement Board, D.C., 47 F.Supp. 3, 5.

Further provisions of section 11 of the 1937 act would bar the maintenance of the instant action by plaintiff, if it is assumed for purposes of discussion that "an action or decision of the Board" were here involved. The act mandatorily prescribes that no decision of the board shall "be subject to review by any court unless suit is commenced within one year after the decision shall have been entered * * * and communicated to the person claiming the annuity * * *." Here the action commenced June 30, 1945, was not timely brought to review the decision of June 18, 1942, and therefore by force of the statute the plaintiff's right to have a court review of the disallowance of his application had lost vitality long prior to the time when he brought this action. The same infirmity

also attached to the plaintiff's earlier action which was commenced on February 14, 1944.

From the foregoing it necessarily follows that the plaintiffs' complaint must be dismissed. If a decision of the board were actually involved the court would be disposed to extend this discussion by reference to the merits of plaintiff's application in the light of well-understood applicable principles, even though the inevitable result would be to record its approval of the action taken by the board. However, with no action of the board ever having taken place, or before the court for review, it would serve no useful purpose to comment on the decision of the Appeals Council over whose functions and deliberations this court has no jurisdiction.