### SKINNER v. RAILROAD RETIREMENT BOARD.

No. 10084.

United States Court of Appeals
Seventh Circuit.

June 1, 1950.

Burke Williamson, Jack A. Williamson, Chicago, Ill., for petitioner.

Myles F. Gibbons, General Counsel, U. S. Railroad Retirement Board, Chicago, Ill., David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Chicago, Ill., Paul M. Johnson, Charles F. McLaughlin, Chicago, Ill., attorneys, Railroad Retirement Board, of counsel, attorneys for respondent.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Petitioner filed his application with the Railroad Retirement Board for an annuity under the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq., on April 29, 1946, alleging he was sixty-five years of age and still held rights to return to service with the Florida East Coast Railway Company.

The application was referred to the Bureau of Retirement Claims, a unit of the Board, and after an initial hearing the Bureau found that petitioner was discharged from the service of the Railway on May 21, 1933 and was not, as he claimed, in "the employment relation to an employer" on August 29, 1935. He was not otherwise an "employee" on or after August 29, 1935 and was not eligible for an annuity under the Act. Petitioner was notified of the Bureau's finding. He then appealed to the Appeals Council of the Board and after submitting his evidence to that unit of the Board, the Council on February 8, 1947, sustained the decision of the Bureau. He then appealed to the Board, claiming the Appeals Council erred in its action. The Board remanded the case to the Appeals Council, directing it to hear and receive additional evidence to be offered by petitioner, and also further argument, which the Council did, and on August 16, 1948, it rendered its decision again affirming the decision of the Bureau of Retirement Claims. Petitioner again appealed to the Board, and on April 19, 1949 the Board affirmed the decision of the Appeals Council denying the claim of petitioner to an annuity. The Board adopted as part of its decision an additional finding of fact to the effect that petitioner had notice before August 29, 1935 of his discharge by the Railway.

The decision of the Board is before us for review under section 11 of the Railroad Retirement Act of 1937 as amended, 45 U.S.C.A. § 228k, and section 5(f) of the Railroad Unemployment Insurance Act, as amended, 45 U.S.C.A. § 355(f).

Petitioner claims service with the Railway as a trainman from November 11, 1913 to March 1915, and as a switchman from January 1925 to January 1929, and from June 1932 to May 1933. He made claim for other Railroad service in and before June 1932. He says he was an "employee" on the "enactment date" of the Railroad Retirement Act August 29, 1935, by being "in the employment relation to" an "employer."

The Board found the petitioner was not in the employment relation to the employer on August 29, 1935, as required by the Act, and was not eligible for an annuity under the Act. The record made before the Board amply supports its decision, no error of law appearing, its decision is conclusive on this court. Squires v. Railroad Retirement Board, 5 Cir., 161 F.2d 182, and cases there cited; Barton v. Railroad Retirement Board, 3 Cir., 177 F.2d 710; Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751.

The decision of the Board is affirmed.