## DUNNE v. RAILROAD RETIREMENT BOARD.

### No. 10107.

United States Court of Appeals
Seventh Circuit.

June 5, 1950.

Writ of Certiorari Denied Oct. 16, 1950.

See 71 S.Ct. 71.

John P. Dunne, pro se.

Myles F. Gibbons, Chicago, Ill., Myles F. Gibbons, General Counsel, David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Chicago, Ill., for respondent (Edward E. Reilly, Richard D. Quinlan, Railroad Retirement Board, Chicago, Ill., of counsel.)

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Petitioner filed his application for an annuity under the Railroad Retirement Act of 1937, 45 U.S.C.A. §§ 228a–228s. The Railroad Retirement Board heard all the evidence offered in support of his application and rendered its decision April 6, 1949, finding he was not entitled to receive an annuity. The case is before us to review the decision of the Board under sec. 11 of the Railroad Retirement Act of 1937, as amended, 45 U.S.C.A. § 228k, and 5(f) of the Railroad Unemployment Insurance Act as amended, 45 U.S.C.A. § 355(f).

The record discloses that petitioner stated he last worked for the Chicago & North Western Railway Company on July 1, 1931, as a general clerk and on that date he resigned and his services were terminated as an employee of said railway. After his termination of service with the Railway he claims he was employed by the publication

Labor, where he was a solicitor of subscriptions and a writer. He went to Ireland in July, 1932, returning to this country in October, 1946.

The question presented in the proceedings before the Board was whether the petitioner was "in the service" of an "employer" on or after August 29, 1935, with regard to his claimed services to the publication Labor, or was in an "employment relation" to the Chicago & North Western Railway Company on the enactment date. The Manager of Labor reported to the Board that he was not an employee of the publication Labor but was a solicitor of subscriptions, on a commission basis, sending in one or two subscriptions. He was a volunteer in furnishing information to the publication by letter from Ireland. The Railway reported petitioner was not in its employ on August 29, 1935, nor was he recorded as on furlough, on leave of absence, or absent on account of sickness or disability. Petitioner did not have "an employment relation" with the Railway, his last railroad employer, on August 29, 1935, the enactment date of the Act, having resigned on July 1, 1931.

■ Petitioner appeared *pro se* before this court on oral argument and presented his case as though we were hearing it *de novo*. "The only issue open as to the facts is whether the findings of the Board are supported by substantial evidence and that they are not based on error of law." Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751. Citing Squires v. Railroad Retirement Board, 5 Cir., 161 F.2d 182. The Board found that petitioner was not in an employment relation to an employer on August 29, 1935, nor thereafter within the meaning of the Railroad Retirement Act and was not entitled to an annuity.

■ A careful examination of the contentions of the petitioner in the light of the record and briefs submitted discloses they are without merit, and the Board's decision was right.

■ The various units of the Board assisted petitioner in every possible manner in developing his claim. Every opportunity was afforded to present supporting evidence in his attempt to justify his right to an annuity, as provided by the Retirement Act. Where the evidence in the record made before the Board supports the decision of the Board, as it does in this case, and the decision is not based on error of law, our only course under the law and authorities is to affirm its decision. This we do.

Affirmed.