MAHONEY v. RAILROAD RE-TIREMENT BOARD.

Nos. 10467, 10468.

United States Court of Appeals, Seventh Circuit.

March 11, 1952.

John F. Sembower, Chicago, Ill., for petitioner.

Myles F. Gibbons, General Counsel, David B. Schreiber, Assoc. Gen. Counsel, Railroad Retirement Board, and Paul M. Johnson and Samuel J. Rhinestine, all of Chicago, Ill., for respondent.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

We have before us two petitions for review. In Case No. 10467 we are asked to review a decision of the Appeals Council of the Railroad Retirement Board (hereinafter called Board), denying petitioner's claim for a survivor's annuity. In Case No. 10468 petitioner seeks a review of the decision of the Board which denied her petition for an annuity under the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq. (hereinafter called the Act).

Petitioner is the widow of Joseph David Mahoney, who died April 28, 1939. He had been employed by the Chicago and North Western Railway Company as station agent at Lake Geneva, Wisconsin. Petitioner had likewise been employed by said railroad as a telegrapher at Lake Geneva.

## Case No. 10467.

On October 28, 1938, Mahoney filed with the Board an executed Form AA–11, "Designation or Change of Beneficiary." This form pertained to benefits under Sec. 5 of the Act. The Division of Retirement Claims, at that time the initial adjudicating unit of the Board, by its decision dated December 15, 1941, determined that petitioner was entitled only to a death benefit under Sec. 5 of the Act, in the sum of $158.47, being four percentum of the earnings of her deceased husband after December 31, 1936. The decision pointed out that a widow would be entitled to receive a sur-

vivor's annuity under Sec. 4 of the Act only if the deceased husband had made a valid election of a joint and survivor annuity, and had filed a written application with the Board and had become eligible for an annuity before his death. The decision was that Mahoney was not eligible to receive an annuity at the time of his death, and that petitioner was not entitled to a survivor's annuity.

Petitioner prosecuted an appeal to the Appeals Council. Hearings were twice scheduled and then postponed on the request of petitioner. Finally a decision of the Appeals Council was rendered on January 20, 1944, finding that Mahoney had never filed an application for and had never been awarded an annuity under the Act; that he had never made and filed with the Board an election of joint and survivor annuity; that no survivor annuity was, or could be, payable to petitioner by reason of the death of Joseph David Mahoney; that no annuities could have accrued to him during his lifetime, and thus be payable to the petitioner as his beneficiary; and that the sum of $158.47 awarded to petitioner by the decision of the Division of Retirement Claims as the benefit due her under Sec. 5 of the Act was the only benefit to which she was entitled; and the Council affirmed the decision of the Division of Retirement Claims.

The decision of the Appeals Council was mailed to petitioner's then attorney on January 20, 1944. On September 23, 1949, more than 5½ years after the date of the decision, petitioner addressed a written request to the Board that it review the Appeals Council decision, acknowledging however that the time within which to protest the decision had expired. The request was denied on the ground that the Board's regulation, 20 C.F.R., 1949 Ed., Sec. 260.3 (b), limited to 4 months the time within which an appeal from a decision of the Appeals Council could be filed.

An examination of the record before us discloses that officials and employees of the Board from time to time have written a number of letters to petitioner setting forth the provisions of the Act and explaining why she was not entitled to a survivor's annuity. However, petitioner at all times has persisted in her claim that because of the condition of her husband's health, he should have been excused from making and filing the necessary application, election or other papers. While it is clear that under Sec. 4 of the Act, 45 U.S.C.A. § 228d, no survivor's annuity could be paid since Mahoney died before an annuity began to accrue to him and since he not only had not been granted an annuity but had not applied for one, it is not our province to rule on the merits, because we must dispose of the petition before us on other grounds.

The Appeals Council is only an intermediate appellate body created by the Board. Provision [1] was made for an appeal from a decision of said Council to the Board, but petitioner did not attempt to appeal until long after the period for so doing had expired. Petitioner failed to timely exhaust her administrative remedies.

The Act provides, 45 U.S.C.A. § 228k, "Decisions of the Board determining the rights or liabilities of any person under this Act shall be subject to judicial review in the same manner, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under the Railroad Unemployment Insurance Act except that the time within which proceedings for the review of a decision with respect to an annuity, pension, or lump-sum benefit may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant." The record discloses petitioner was promptly advised of the decision of the Appeals Council. Thus, even should we indulge in the assumption that the decision of the Appeals Council was a final decision of the Board, which it is not,[2] petitioner failed to file a petition for judicial review within the one year period. Furthermore, Sec. 11 of the Act, 45 U.S.

1. Sec. 10(b) (5) of the Act, 1937, 45 U.S.C.A. § 228j(b) (5).

2. Shaw v. Railroad Retirement Board, D. C., 65 F.Supp. 73.

C.A. § 228k, incorporates by reference Sec. 5 of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 355, which in turn provides that a judicial review of the decision of the Board may be obtained "only after all administrative remedies within the Board will have been availed of and exhausted". It follows that this court is without jurisdiction to review the decision of the Appeals Council, and that the petition for its review must be dismissed.

## Case No. 10468.

The Railroad Retirement Board denied petitioner's application for an annuity under the Railroad Retirement Act based upon her own services as a telegrapher. The Act provides that persons who on August 29, 1935, the date of the enactment of the Act, were "employees" as specifically defined in the statute, of certain railroad and other employers, and who were qualified as to length of service, and age or physical disability, are entitled to annuities. Petitioner filed an application for an annuity on February 8, 1949, in which she stated that she had worked as a telegrapher for the Chicago and North Western Railway Company from October, 1918, to December 21, 1932; that she was applying for an annuity based on physical disability which was not total and permanent for regular employment for hire, but disability for work in her regular occupation, the disability being "enlarged heart—overweight—arthritis"; and that in the period 1940 to September, 1947, she had worked as field manager for Crowell Collier Publishing Company.

From petitioner's own statement it appears that the last service which she rendered to the railway company was before November, 1932, in which month the last of a series of leaves of absence granted to her by the railway company expired. She also admits she has not received any compensation from the railway company since 1931. Petitioner contends, however, that she was "subject to call," and therefore that she was in employment relation on August 29, 1935.

Affirming decisions of the Bureau of Retirement Claims and the Appeals Council, its initial adjudicating and intermediate appellate bodies, respectively, the Board found: (a) petitioner rendered no service to an employer covered under the Act after December, 1931, when the Chicago and North Western Railway Company abolished her job as a telegrapher at Lake Geneva, Wisconsin; (b) that the last leave of absence granted to her expired in November, 1932; (c) that the railway company, in a letter dated December 5, 1932, notified petitioner that she was being dropped from its service and would no longer be carried on the seniority roster; (d) that petitioner's name did not appear on any seniority roster after 1932; (e) that petitioner was discharged from the service of the railway company before August 29, 1935, which discharge was not protested as wrongful within a year and followed by a reinstatement within 10 years to her former position with all her seniority rights; and (f) that petitioner was on August 29, 1935, neither "in the service of," nor in "the employment relation" to, an employer covered under the Act.

Petitioner's position, as we understand it, is that because she "never quit, resigned or was fired," she remained in the service of the railway company "on call." She does not claim that she was not discharged, but rather that as she was discharged wrongfully the consequences of the discharge should have no effect on her claim for benefits under the Act, in other words that her wrongful discharge was no discharge at all. Petitioner also stated that the Board acted arbitrarily because it relied on the records of the railway company as the sole source of evidence to support its decision. Petitioner also contends that under Wisconsin law she has a right as a third party beneficiary to assert her right to a continuing employment relation pursuant to a labor management contract.

We think petitioner's complaint as to the source of evidence relied on by the Board is without merit. True, copies of many of the letters, notices and other papers appear in the company's files, but in most cases the originals had been addressed to petitioner and she presented same to the Board. Petitioner does not deny

receiving a communication from the railway company dated December 5, 1932, as follows: "In reply to your letter of Dec. 3rd, 1932. Your leave of absence expired Nov. 17th, 1932, and could not be extended in accordance with your request. Further there being no positions open or prospects of any positions open that you might qualify to handle you are therefore automatically dropped from the service. As long as we are unable to extend your leave of absence and no prospects of giving you work it would be unreasonable and useless of our carrying you along on our seniority list."

Whether petitioner was wrongfully discharged is not an issue here. Sec. 1(d) (iv) of the Act, 45 U.S.C.A. § 228a(d) (iv), provides that if an employee claims to have been wrongfully discharged, he may be held to have the necessary "employment relation" only if the discharge was followed by a protest of wrongfulness within one year to the employer or a labor representative, and within ten years by reinstatement to his former position with all seniority rights. The petitioner does not qualify under this statutory test.

Petitioner's claim that Wisconsin law applies merits only passing mention. To be entitled to an annuity, she must establish an "employment relation." Congress has specifically prescribed the test which is controlling, and a reliance upon a theory of third party beneficiary under Wisconsin law is misplaced.

The Board's decision may not be set aside by this court if there is substantial evidence in the record to sustain the findings upon which the decision was based, and such decision is not arbitrary, capricious or incorrect in law. Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751; Dunne v. Railroad Retirement Board, 7 Cir., 183 F.2d 366, certiorari denied, 340 U.S. 854, 71 S.Ct. 71, 95 L.Ed. 626. The specific statutory provision as to a judicial review of the decision of the Board under the Railroad Retirement Act is (see 45 U.S.C.A. § 228k and 45 U.S.C.A. § 355(f)): "The findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive."

As there is substantial evidence in the record to sustain the Board's findings and its decision that on August 29, 1935, petitioner was neither in the service of the Chicago and North Western Railway Company for compensation, nor in the "employment relation" to said railway company and therefore was not entitled to an annuity under the Act, and no error of law having been committed by the Board, its decision of August 11, 1950, must be affirmed.

For want of jurisdiction No. 10467 is dismissed, and in No. 10468 the decision of the Railroad Retirement Board is affirmed.