**Louis A. SCHAFER, Plaintiff,**

v.

**RAILROAD RETIREMENT BOARD, Defendant.**

**No. 11122.**

United States Court of Appeals Seventh Circuit.

Dec. 31, 1954.

Louis A. Schafer, Lafayette, Ind., for petitioner.

Myles F. Gibbons, David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Chicago, Ill., Paul M. Johnson, Richard F. Butler, Chicago, Ill., Railroad Retirement Board, of counsel, for respondent.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

DUFFY, Chief Judge.

This is a proceeding to review a decision of the Railroad Retirement Board pursuant to the Railroad Retirement Act of 1937, 50 Stat. 307, as amended by 60 Stat. 722, 45 U.S.C.A. §§ 228a–228y.

The Railroad Retirement Act provides for the award of annuities to individuals having the necessary qualifications as to age, disability and years of

service. Plaintiff made application for an annuity under § 2(a), subd. 5, of the Act which provides: "Individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment. * * *" The decision of the Board denied plaintiff's application for an annuity under § 2(a), subd. 5, although the Board found that plaintiff was entitled to a reduced annuity which had been awarded to him on February 5, 1952 pursuant to § 2(a), subd. 3, of the Act.

Annuities awarded under § 2(a), subd. 5, are sometimes referred to as "total disability annuities" because the disability under this section must be for "any regular employment". Plaintiff applied for an annuity under this section claiming a total and permanent disability for regular employment for hire, claiming that his principal disabling condition was "spinal arthritis". On this appeal plaintiff claims the principal cause of his disability is a rectal condition for which he has submitted to surgery.

Section 11 of the Railroad Retirement Act incorporates the provisions of § 5(f) of the Railroad Unemployment Insurance Act, 52 Stat. 1100, as amended by 60 Stat. 738; 45 U.S.C.A. § 355(f). Thus the specific statutory provision referring to judicial review is "The findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." This Court has ruled that upon judicial review of a decision of the Board on a petition for benefits under the Railroad Retirement Act, the Board's decision should not be disturbed if supported by substantial evidence in the record and if not based on an error of law. Dunne v. Railroad Retirement Board, 7 Cir., 183 F.2d 366; Skinner v. Railroad Retirement Board, 7 Cir., 182 F.2d 622; Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751.

As we pointed out in the Monahan case we do not consider the record as though this were a trial *de novo*. We merely make an inquiry to ascertain whether the findings of the Board are supported by substantial evidence and to make sure that such findings are not based on error of law.

The record discloses a series of medical examinations of plaintiff, some by doctors of his own choosing, others at the instance of the Board. A review of the record convinces us that the Board carefully considered the various claims made by the plaintiff as to his physical condition.

When plaintiff submitted his application for annuity he submitted a report of a physical examination by his personal physician, Dr. Laws. Thereafter, at the request of the Board's Bureau of Retirement Claims, plaintiff was examined by Dr. Ruschli of Lafayette, Indiana, who gave him an orthopedic examination and made a report to the Board. On October 21, 1948, the Board's Disability Rating Board consisting of two doctors and a lawyer found that plaintiff's "complaints are not considered to be of sufficient magnitude to be permanently disabling for work in his regular occupation", and plaintiff was notified he was not eligible for an occupational disability under § 2 (a), subd. 5 or subd. 4 of the Act.

Thereafter, plaintiff submitted a report from Dr. Washburn of Lafayette, Indiana, and the Board asked Dr. Washburn for a more complete report. Later, the Board's Disability Rating Board again considered plaintiff's claim and concluded that there was no sufficient showing that plaintiff was permanently unable to engage in any regular employment. Plaintiff later submitted a report of physical examination by Dr. Johnson. Thereafter, the Board of Retirement Claims again decided that the evidence did not show that the plaintiff was permanently and totally disabled. Plaintiff then appealed to the Board's Appeals Council. A hearing was held before the Council on October 15, 1951 at which time a medical advisor to the Board was present. Plaintiff there testified as to various conditions which he claimed caused him to be permanently and totally disabled. However, the Appeals Council, in a written opinion, sustained the decision of the Bureau of Retirement Claims. On

January 5, 1952 plaintiff appealed to the Retirement Board from the decision denying him an annuity upon the basis of a permanent and total disability. The Board arranged for a special heart examination for the plaintiff at the Veterans' Administration in Indianapolis. The Board later considered a report of an examination of plaintiff at the Mayo Clinic. The Board then called for and obtained an advisory opinion from a group of experts, including physicians on its staff, and then rendered its decision which is the subject of this appeal.

We have given a somewhat detailed recitation of the various hearings afforded to the plaintiff to demonstrate that the Board did not act hastily, or without giving full consideration to the various claims made by the plaintiff. There is abundant evidence in the record to sustain the findings of the Board. Furthermore, we are unable to find any error of law committed by the Board. Therefore, the order of the Board is

Affirmed.