**Andrew E. MAHANA, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

**No. 12359.**

United States Court of Appeals Seventh Circuit.

Oct. 13, 1958.

Rehearing Denied Nov. 6, 1958.

 

Kenneth Powless, Marion, Ill., for petitioner.

Myles F. Gibbons, Chicago, Ill., David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Chicago, Ill., Paul M. Johnson, Charles F. McLaughlin, Railroad Retirement Board, Chicago, Ill., of counsel, for respondent.

Before DUFFY, Chief Judge, and FINNEGAN and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

Petitioner seeks a review of a decision of the Railroad Retirement Board denying his claim for an annuity under the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq. (hereinafter called The Act).

The Bureau of Retirement Claims denied the claim which petitioner filed. The Appeals Council sustained the denial and the decision of the Appeals Council was, in turn, sustained by the Railroad Retirement Board. This petition for review followed.

As to the scope of review by this Court, we quote from our decision in Schafer v. Railroad Retirement Board, 7 Cir., 217 F.2d 874, 875:

> "This Court has ruled that upon judicial review of a decision of the Board on a petition for benefits under the Railroad Retirement Act, the Board's decision should not be disturbed if supported by substantial evidence in the record and if not based on an error of law. (Citing cases.)
>
> "As we pointed out in the Monahan case [Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751] we do not consider the record as though this were a trial *de novo*. We merely make an inquiry to ascertain whether the findings of the Board are supported by substantial evidence and to make sure that such findings are not based on error of law."

Petitioner claims he worked for the Illinois Central Railroad from 1918 to

1933. According to Company records, he last worked in February, 1932. Petitioner does not claim any service creditable under the Act after he last worked for the Railroad as a boilermaker in 1932. Therefore, he was not an employee on the critical date, August 29, 1935, by virtue of having been "in the service of any employer" on that date. However, he does claim he was an employee on the critical date by virtue of having been in the "employment relation to an employer."

The "employment relation" is defined in section 1(d) of the Act (§ 228a(d)), and in so far as here applicable reads:

"An individual shall be deemed to have been in the employment relation to an employer on the enactment date (August 29, 1935) if * * * (iii) before the enactment date he did not retire and was not retired or discharged from the service of the last employer by whom he was employed or its corporate or operating successor, but (A) solely by reason of his physical or mental disability he ceased before the enactment date to be in the service of such employer and thereafter remained continuously disabled until he attained age sixty-five or until August, 1945, * * * * "

■ The Board found and determined that petitioner did not have "an employment relation to an employer" on August 29, 1935, but petitioner claims there was no "lawful evidence" to sustain such finding and that he was deprived of due process because of evidence received and relied upon by the Appeals Council.

Petitioner contends that his status on August 29, 1935 was that of being on furlough. He so testified and he produced an affidavit from one Carl Jones who was a roundhouse clerk during part of the 1931–32 period, that Jones understood petitioner was absent on account of disability.

The Board had before it records of the Railroad Company showing that petitioner was "furloughed September 20, 1932 due to abolishment of job. Name removed from seniority roster September, 1932, due to litigation." The 1933 roster could not be located, but the 1934 roster showed petitioner's name had been removed before that time. There was also before the Board the information that it was the policy of the Illinois Central Railroad in 1932 "to terminate the employer-employee relationship of employes who filed suit against the company." The record showed that petitioner did file a claim against the Illinois Central Railroad with the Industrial Commission of Illinois in September, 1932.

Whether bringing suit against an employer was a sufficient legal excuse for terminating the employer-employee relationship is not before us. We discussed this point in Mahoney v. Railroad Retirement Board, 7 Cir., 194 F.2d 752, 756, where we said: "Whether petitioner was wrongfully discharged is not an issue here. Sec. 1(d) (iv) of the Act, 45 U.S. C.A. § 228a (d) (iv), provides that if an employee claims to have been wrongfully discharged, he may be held to have the necessary 'employment relation' only if the discharge was followed by a protest of wrongfulness within one year to the employer or a labor representative, and within ten years by reinstatement to his former position with all seniority rights. The petitioner does not qualify under this statutory test."

■ Plaintiff insists he was denied due process because the Secretary of the Board of Pensions of the Illinois Central Railroad Company wrote a letter to the Chairman of the Appeals Council giving information as to the records of the Railroad Company pertaining to petitioner's employment. This letter described the claim filed by petitioner against the Railroad and mentioned the policy of the Railroad in 1932 to terminate the employer-employee relationship of employees who filed suits against the Company. The letter also informed the Appeals Council that the general foreman who had been petitioner's superior had called in peti-

tioner's annual pass in 1932. Other information also was given.

It is asserted here that the first knowledge petitioner had of this letter was when his counsel noticed that portions of it were referred to in the decision of the Appeals Council. The argument is that the consideration of this letter, without opportunity for rebuttal, is a denial of due process.

In the first place, the Secretary of the Board of Pensions of the Railroad Company sent in the letter in response to an inquiry from the Appeals Council. This information was requested and given pursuant to Section 10(b) (4) of the Act under which the Board has "power to require all employers and employees * * * to furnish such information and records as shall be necessary for the administration" of the Act. Hence, the reply was subject to the provisions which imposed penalties for false or fraudulent statements.

■ The Appeals Council is an intermediate appellate body in the respondent's administration of the Railroad Retirement Board. Its decision does not represent a final determination by the Board. Mahoney v. Railroad Retirement Board, 7 Cir., 194 F.2d 752, 754. Following the decision of the Appeals Council, petitioner could have submitted any rebuttal evidence or argument available coupled with a request for reconsideration. He also could have submitted any available evidence to offset statements in the letter when he appealed to the respondent Board. He did neither. As full opportunity was afforded to rebut the statements in the letter, we hold that petitioner was not denied due process.

We conclude that there was substantial evidence before the Board that the employer-employee relationship terminated in 1932, and that on August 29, 1935 petitioner did not have "an employment relation to an employer." We are unable to find any error of law committed by the Board. Therefore, the Board's order is

Affirmed.