**Elsie McKISSICK, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD,**
**Respondent.**

**No. 13319.**

United States Court of Appeals
Seventh Circuit.

Oct. 9, 1961.

Charles Wolff, Chicago, Ill., for petitioner.

Myles F. Gibbons, Gen. Counsel, David M. Goldman, Atty., Railroad Retirement Bd., David B. Schreiber, Associate Gen. Counsel, Railroad Retirement Board, Chicago, Ill., for respondent, Edward E. Reilly, Railroad Retirement Bd., Chicago. Ill., of counsel.

Before SCHNACKENBERG and KILEY, Circuit Judges, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

Elsie McKissick, petitioner, has procured our review of a decision of the Railroad Retirement Board, respondent, denying her claim to certain unemployment benefits under the Railroad Unemployment Insurance Act, 45 U.S.C.A. §§ 351–367. The act was amended May 19, 1959 by Public Law 86–28, 73 Stat. 30, see 45 U.S.C.A. § 352(c). One effect of the amendment was to extend the period for unemployment benefits up to 130 additional compensable days of unemployment in the same benefit year.

A "day of unemployment" is defined in § 1(k) of the Act (45 U.S.C.A. § 351 (k) ) as meaning, in part,

"* * * a calendar day on which he is *able to work* and is *available for work* * * *." (Italics supplied.)

Petitioner, a coach cleaner, living in Chicago, was laid off by the Pullman Company, her employer, on June 30, 1958. She claimed unemployment benefits under the aforesaid act and was paid benefits which totaled $3381.94. Petitioner first registered for, and claimed as days of unemployment, all the days beginning with July 1, 1958, and ending with January 26, 1959.

In proceedings through the customary administrative channels of respondent it appeared from the testimony of petitioner herself that she had not established the burden of proof that she had been available for work during the period in question.

The referee rendered a decision affirming an initial determination that petitioner was not entitled to benefits with respect to the days January 6–June 30, 1959, and October 7–18, 1959. He concluded that petitioner had scant prospects for obtaining work, and did not make such efforts to get work as would be reasonable for one in her circumstances. He noted that there are many establishments, businesses and factories in Chicago that provide opportunities for work of the kind she professed a willingness to do; he said that she might have sought work at them had she genuinely wanted it, but she had failed to do so. Such efforts as petitioner did make were described by the referee as "infrequent, seemingly casual, and apt to be unproductive".

Upon appeal to the Board, the referee's decision was affirmed, except insofar as it had become moot as to certain benefits which had been paid.

 The decision of the Board is supported by substantial evidence in the record. It is neither arbitrary nor lacking a reasonable basis in law.

 In Railway Express Agency, Inc. v. Railroad Retirement Board, 7 Cir., 250 F.2d 832, at page 836, certiorari denied, 356 U.S. 967, 78 S.Ct. 1005, 2 L.Ed.2d 1073, this court stated:

"Therefore, the Retirement Board's decision should not be set aside if supported by substantial evidence, is not arbitrary and has a reasonable basis in law. Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751, 753; Dunne v. Railroad Retirement Board, 7 Cir., 183 F.2d 366, 367; Schafer v. Railroad Retirement Board, 7 Cir., 217 F.2d 874, 875. * * *"

 Unemployment insurance is intended to relieve the hardships of involuntary unemployment.

For the reasons herein stated, it is ordered that the decision of the Railroad Retirement Board be affirmed and that a decree be entered herein accordingly.

Decision affirmed and decree ordered.