---

(No. 14374.—Reversed and remanded.)
THE COLUMBIAN CIRCLE *vs.* MARGARET AUSLANDER, Appellant.—(ESTELLE B. SCHRAMM *et al.* Appellees.)

*Opinion filed April 19, 1922.*

1. BENEFIT SOCIETIES—*beneficiaries included in benefit certificate are limited to those designated in charter of company.* Where the charter of a benefit society designates certain persons who may be named as beneficiaries in the certificates issued the society has no authority to name any others as beneficiaries, and a person not belonging to any of the classes named is not entitled to take the fund; but this rule does not mean that one ineligible when the certificate is issued may not thereafter become eligible.

2. SAME—*beneficiaries are to be determined at death of insured.* To enable a person to take as beneficiary under a certificate he must fall within one of the designated classes of beneficiaries at the time of the death of the insured, as the certificate speaks at the death of the insured and not as of the date of its issue.

3. SAME—*a named beneficiary has no vested interest in a certificate—fraud.* A benefit certificate is a contract between the member and the society, and as the beneficiary named in the certificate has no vested interest, the naming of one beneficiary cannot be said to be a fraud upon the rights of others who were eligible, but were not named.

4. SAME—*when question of invalidity of certificate because of fraud does not arise.* Whether or not a benefit certificate is void as a fraud upon the society does not arise where the society has paid the fund into court and by a bill of interpleader asks the court to determine who is entitled to the fund as beneficiary, as any question of fraud upon the society is waived.

5. SAME—*when second wife is entitled to fund of benefit certificate.* Although a benefit certificate names as beneficiary and as wife of the insured a woman who was not then his wife but whom he married after the death of his wife, the second wife is entitled to the benefit fund as against the member's children, particularly where the by-laws of the society give the surviving wife first consideration in case of a failure of beneficiary; and the fact that illicit relations existed between the insured and the designated beneficiary does not defeat her right.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HENRY F. ANTES, for appellant.

CAVENDER & KAISER, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The Columbian Circle, a fraternal benefit society, filed a bill of interpleader in the superior court of Cook county asking the court to determine who is entitled to the fund of $1000 arising out of a benefit certificate issued on the life of Morris Auslander. The superior court held that the appellees, children of the insured, were entitled to the fund and so decreed. This decree was affirmed by the Appellate Court, and the cause comes here on certificate of importance.

The facts in the case are stipulated. The certificate was issued in November, 1910, and contained as beneficiary "Margaret Auslander, wife." At the time of the issuance of this certificate she was not the wife of the insured but

he had a wife living, named Bertha Auslander, and three children, appellees here. In 1902 Morris Auslander, who at that time lived in New York City, deserted and abandoned his family and went to the city of Chicago. About the same time the appellant, a sister of Bertha Auslander, also went to Chicago. Thereafter Auslander and appellant lived together as husband and wife until the death of Auslander's wife, in November, 1916, when they were legally married and lived together until the death of Auslander, on November 23, 1918. Appellant is the lawful widow of Auslander and claims the fund both as designated beneficiary and as widow of the deceased. The appellees contend that at the time of the issuance of the insurance certificate appellant had no insurable interest in the life of Auslander; that his statement that she was his wife was a fraud and the provision in the certificate as to the beneficiary was therefore void; that since the legal wife of Auslander at the time of the issuance of the certificate is now dead, appellees, as her heirs, take as the next members of the class designated by the by-laws of the society.

The provisions of the certificate of insurance designating beneficiaries require that each applicant, upon entering his application, shall give the name and relationship of the beneficiary to whom he directs insurance to be paid. By section 253 of the by-laws the first class includes, first, the member's wife, second, the member's children, third, the member's grandchildren, and so on. The second class includes an affianced wife or a person who is dependent upon the member for food, clothing, lodging or education. The third class makes a charitable institution a possible beneficiary. Section 257 of the by-laws is as follows: "If at the time of the death of a member, who has designated as beneficiary a person of class second, the dependency required by the laws of the order shall have ceased or shall be found not to have existed, or if the designated beneficiary is his wife and they shall be divorced upon the application of

either party, or if any designation shall fail for illegality, or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, section 253."

The question involved in this case is whether or not one named as a beneficiary who was not in the eligible class at the time the certificate was issued but who was within that class at the time of the death of the assured may take as such beneficiary. This depends, in the first instance, upon whether or not a benefit certificate is to be construed as speaking at the time when it was issued or at the time of the death of the assured. There is no question arising here as to the liability of the intervening petitioner, since it has paid the sum into court and has waived all defense.

Margaret Auslander, the appellant, was designated as beneficiary in the certificate issued in this case and was therein described as "wife." When this certificate was issued that statement was not true. When the insured died the statement was true. It is admitted that it is the settled law of this State that when a benefit society, such as the intervening petitioner, is organized and its charter desig-. nates certain persons as beneficiaries, a person not belonging to any of the classes named is not entitled to take the fund; that the society has no authority to create a fund for such individuals. (*Alexander* v. *Parker,* 144 Ill. 355.) The rule in this State also is, that in order to enable one to take as beneficiary under a certificate of insurance of the character here involved, such person must fall within one of the designated classes of beneficiaries at the time of the death of the insured. In *Murphy* v. *Nowak,* 223 Ill. 301, it was held that where the beneficiary was a dependent at the time of the issuance of the certificate and remained so for some years thereafter but who at the time of the death of the insured was not so dependent and did not fall within any of the classes of beneficiaries provided by the by-laws of the society in force at the time of such death, such person was not entitled to take. It was there held

that the beneficiary named in such certificate of insurance acquired no vested right to the benefit to accrue upon the death of the member until such death occurs. To the same effect is *Knights of Honor* v. *Menkhausen,* 209 Ill. 277. In *Taylor* v. *Odd Fellows Mutual Relief Ass'n,* 145 Mass. 134, the insured named his wife as beneficiary and later was divorced from her by reason of his fault. It was held that the wife having been divorced she did not fall within the designation of wife at the date of the member's death and could not take; that she had lost her rights under the designation of her former husband and was not entitled to anything under the certificate after his death. In *Murphy* v. *Nowak, supra,* a distinction is drawn between a benefit certificate and an insurance policy, it being held (citing with approval *Order of Railway Conductors* v. *Koster,* 55 Mo. App. 186,) that the rule of the law of insurance that if one has an insurable interest at the date of the issuance of the policy such policy is not vitiated by the termination of that interest does not apply to the issuance of benefit certificates by fraternal insurance associations but that such certificates are testamentary in character and speak at the death of the member. In *Middeke* v. *Balder,* 198 Ill. 590, the relation of a beneficiary in the certificate of a fraternal benefit association is likened to cases of ordinary property, wherein an heir has no vested interest during the lifetime of the absolute owner but only an expectancy, which may be defeated by disposition of the property by such owner during his lifetime; that in the case of a benefit certificate the member of the society is the moving party through whose action the scheme of the association is put in operation for the benefit of the nominated beneficiary, subject to such change as may be made by the insured or by the society within the power to do so conferred by the certificate. In *Royal Arcanum* v. *McKnight,* 238 Ill. 349, the beneficiary named in the certificate was rendered ineligible by an amendment to the by-laws after the issuance of the certi-

ficate. It was held that such beneficiary could not take the fund on the death of the insured. In *National Union* v. *Keefe,* 263 Ill. 453, the insured, Edward Keefe, named as beneficiary in a certificate issued to him his brother, James E. Keefe. He later died, leaving a widow and one child, who contended that the brother was not eligible as a beneficiary. It appears to have been admitted that under the terms of the charter of the association at the time of the issuance of the certificate the brother was not eligible, and it was held that notwithstanding certain amendments to the statutes of the State making a brother eligible this brother did not at any time become eligible because he did not become so under the terms of the charter, it there being held that a benefit society may limit its classes of beneficiaries to less than provided by statute, though it could not enlarge the classes provided by statute. This case is not, however, as thought by appellees, authority for the contention that the certificate speaks as of the date of its issue and that one ineligible at such time may not thereafter become eligible.

Appellees contend that the designation of Margaret Auslander as the beneficiary under the certificate was void and that the fund should go to the heirs-at-law of the insured, and cite in support thereof *United Workmen* v. *Ehlman,* 246 Ill. 555. That case is authority for the rule that where the named beneficiary is not in an eligible class, the fund, under the act of 1893 relating to fraternal beneficiary societies, goes to one of those made eligible by that act. In that case the beneficiary named was not at the death of the insured in an eligible class. The court also held that the rights of the parties under such a certificate are fixed by the law and not by the action of the society bringing the fund into court because of conflicting claims for it. The rule there laid down is not in conflict with those cases holding that the certificate speaks at the death of the insured. It may be asserted as established in this State that the certificate speaks at the time of the death of the insured. Such

certificate is a contract between the member and the society, in which the named beneficiary has no vested interest. It is fundamental that in order to establish that certain acts are fraudulent someone must be damaged thereby. The designation of appellant as beneficiary could not have been a fraud upon the rights of appellees here, for, as we have seen, no vested right exists even in the beneficiary named, and certainly it could not be said to exist in any person not named as beneficiary though eligible as such. Bertha Auslander had no interest in the certificate that would pass to appellees. Whether or not such certificate might have been void as a fraud upon the society does not arise here, as it has paid the fund into court and has waived any question of fraud against it. *Woodmen of the World* v. *Rutledge*, 133 Cal. 640; *Cowan* v. *Hearst*, 124 Mich. 545; *Tepper* v. *Royal Arcanum*, 61 N. J. Eq. 638.

Section 257 of the by-laws of the society provides that if at the time of the death of a member who has designated as beneficiary a person of the second class and the dependency required shall have ceased, or if any designation of beneficiary shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in class 1, as provided in section 253, in the order of their precedence by grades. Grade 1 of class 1 is the member's wife; grade 2 of that class is the member's children. It will be seen upon reading section 257 that the time at which it is operative is, as the language indicates, the time of the death of the member.

We are of the opinion that at the time of the death of the member in this case, the designation "Margaret Auslander, wife," did not fail for illegality though not within the eligible list at the time of the issuing of the certificate. Moreover, it is not disputed that she is his lawful widow, and though it were to be held that her designation as beneficiary was illegal and that at the time of his death she could

302–39

not take as a named beneficiary, she would, under the language of the above section, take as the surviving wife.

Appellees urge that to permit the appellant to take the fund in this case would be to sanction a fraud and immorality. This court, in passing upon the effect of this certificate of insurance, does not in any way approve the illicit relations existing between the insured and the appellant prior to their marriage. The rule which we believe should be adopted is not based upon any such conduct of the parties but upon the legal principles arising out of the facts.

We are of the opinion that the Appellate Court erred in affirming the decree of the superior court holding that the fund should be paid to appellees. The judgment of the Appellate Court and the decree of the superior court are reversed and the cause remanded to the superior court, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*