Michael Mical, Also Known as Mike Mical, Appellee, v. International Workers Order, Inc., Defendant. Emily Obartuch, Executrix of Estate of Adam Sambor, Deceased, Appellant.

Gen. No. 43,364.

Heard in the first division of this court for the first district at the April term, 1945. ▮▮▮▮▮▮▮▮▮ Opinion filed June 25, 1945. Released for publication July 19, 1945.

SIMON A. ZELDEN, of Chicago, for appellant.

THADDEUS C. TOUDOR, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

This is an appeal by the executrix of the estate of Adam Sambor, deceased, from an order directing payment to the plaintiff of $844.50, the benefits payable under a benefit certificate issued on the life of Sambor by the International Workers Order, Inc., a fraternal benefit society incorporated in the State of New York.

Sambor became a member of the Order August 22, 1935 and died August 12, 1939; in the benefit certificate secured by him, plaintiff, a cousin, was named as beneficiary; plaintiff brought suit against the Order; by leave of court it filed its answer and bill of interpleader, making additional parties defendant Julia Obartuch, sole beneficiary under the last will and testament of Sambor, and Emily Obartuch as executrix; by order of court it deposited with the clerk $844.50 and was dismissed from the proceedings; upon hearing, the amount due under the benefit certificate, less allowance to the Order, was directed to be paid to the plaintiff. Although the point is not made, we suggest that the allowance of solicitor's fees was erroneous. *Metropolitan Life Ins. Co. v. Kinsley*, 269 Ill. 529.

The executrix contends that the plaintiff was not a legal beneficiary under the constitution and by-laws of the benefit society and that the money should be paid to her as executrix. This contention must be upheld. At the death of Sambor the constitution and by-laws of the Order (sec. 109) provided: "As beneficiary a member may designate the father, mother, brother, sister, children, legally adopted children, wife, . . . and, further, provided such designation is permitted by the law of the State in which the insured resides." This provision governed payment under the benefit certificate. *Columbian Circle v. Auslander,* 302 Ill. 603; Ill. Rev. Stat. 1943, ch. 73, par. 898 [Jones Ill. Stats. Ann. 66.961]. The named beneficiary being ineligible, payment should be made to the executrix. *Novotny v. Acacia Mut. Life Ins. Co.,* 287 Ill. App. 361; *Smith v. Supreme Tent, Knights of Maccabees of the World,* 127 Iowa 115; *Clarke v. Schwarzenberg,* 162 Mass. 98; *Boyden v. Massachusetts Masonic Life Ass'n,* 167 Mass. 242.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the executrix.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.