**ILLINOIS BANKERS LIFE ASSUR. CO. v. BLOOD et al.**

No. 46C1302.

District Court, N. D. Illinois, E. D.

Feb. 18, 1947.

Snyder, Chadwell & Fagerburg, of Chicago, Ill., for plaintiff.

K. J. Owens and Dent, Weichelt & Hampton, all of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

The plaintiff has filed a bill of interpleader, has paid into the registry of this court the sum of $1,127 (alleged to be the net proceeds of a life insurance policy in the face amount of $2,000, plus prepaid interest of $24.22 and less a policy loan of $897.22) payable by plaintiff, and now moves for the entry of an order discharging it from further liability to any of the defendants on said policy and enjoining said defendants from bringing any action against plaintiff on the policy, and ordering the Clerk of this court to pay to the plaintiff's attorneys plaintiff's costs in the sum of $73.79 and attorney's fees of $150 out of the said insurance proceeds. The bill is brought under the provisions of the Federal Interpleader Act, 28 U.S.C.A. § 41(26). The controversy between the defendants (some of whom are citizens of different states and thus provide the jurisdictional basis for this proceeding under the Act) involves the heirs of the insured (who was predeceased by the beneficiary) on the one hand, and, on the other, Willard G. Blood, who contends that he paid certain premiums or assessments on the policy in the amount of $569.78 upon the express promise of repayment made by the insured, and who has made a claim to plaintiff for reimburse-

ment in said amount from the proceeds of the policy.

The insured died on October 19, 1941. On or about December 17, 1941, the defendant Blood, acting as executor of the estate of the insured, notified the plaintiff of the insured's death and subsequently, on January 6, 1942, filed with the plaintiff proof of death and proof of relationship forms. On January 3, 1942, the attorney for defendant Blood notified plaintiff of the claim for reimbursement of $569.78. Shortly thereafter Mr. Blood was recalled to army duty. In July 1942, the attorney for Mr. Blood notified plaintiff that no settlement could be reached with the insured's heirs on the claim. Plaintiff could not then file this bill of interpleader because service could not be obtained upon Mr. Blood. Upon the return of the latter from military service in Italy in April 1946, plaintiff again attempted and failed to secure a release from defendant Blood and all the heirs of the insured, and thereupon filed this bill of interpleader and paid the net proceeds of the policy into the registry of the court.

Certain defendants resist plaintiff's motion for the entry of an order discharging it and allowing its costs and attorney's fees to be paid out of the fund in the court's possession, on the grounds that:

(1) Plaintiff's delay in bringing this action defeats its right to attorney's fees and costs.

(2) The claim of $150.00 for attorney's fees is excessive.

(3) Plaintiff should be required to pay interest on the sum withheld pending the filing of this action.

It rests in the discretion of the court to determine whether, in a particular situation, the plaintiff's delay in bringing suit was so unreasonable as to constitute laches and thus defeat its normal right to recover costs out of the fund paid into court. In New York Life Insurance Co. v. Bidoggia, D.C.Idaho 1926, 15 F.2d 126, the fact that the plaintiff did not commence its interpleader action until the claimants started suit in the state court to recover on the policy was held sufficient delay to defeat

the normal right of a stakeholder in this situation to recover costs and attorney's fees. In Royal Neighbors of America v. Lowary, D.C.Mont.1931, 46 F.2d 565, a delay of over twelve months in bringing the action was held to constitute laches defeating the plaintiff's right to bring interpleader. In Boice v. Boice, D.C.N.J.1943, 48 F. Supp. 183, the plaintiff's action in filing an interpleader only after a state court had entered a ruling against him was held to come too late. In the present case, the plaintiff's delay of over four years was the direct result of the fact that Willard G. Blood, one of the necessary parties in this interpleader action, was in military service and could not be served with summons. This action was commenced three months after plaintiff was notified that Mr. Blood had returned from Italy, during which interval the plaintiff again attempted to secure a release from all the claimants to the insurance proceeds. In view of these facts, it is the opinion of the court that the plaintiff has acted with reasonable diligence in attempting to dispose of the insurance proceeds without subjecting itself to possible additional liability as to a portion of such proceeds. Plaintiff is therefore entitled to recover its costs and under the usual rule, a reasonable attorney's fee to be fixed by this court. Globe Indemnity Co. v. Puget Sound Co., Inc., 2 Cir., 1946, 154 F.2d 249.

Defendants' counsel has attacked the request for an attorney's fee of $150 only on the grounds that plaintiff's laches defeats it or that the amount is excessive. However, the Illinois rule is that attorney's fees are not allowable to a party filing an interpleader, contrary to the usual rule stated by the Second Circuit Court of Appeals in the Globe Indemnity case. Metropolitan Life Insurance Co. v. Kinsley, 1915, 269 Ill. 529, 109 N.E. 1011; Mical v. International Workers Order, Inc., 1945, 326 Ill. App. 398, 62 N.E.2d 21. A federal court in another district in Illinois has recently held that under the doctrine of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, as extended to equitable remedies in Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S. Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, this Illinois rule must be applied by a federal

court in an interpleader action, since the federal interpleader statute (28 U.S.C.A. § 41(26) does not create a federal right but merely extends the jurisdiction of the district courts in applying a traditional equitable remedy. Danville Building Ass'n of Danville v. Gates, D.C.E.D.Ill., 1946, 66 F.Supp. 706.

■ I am frankly surprised to learn that such is the law of Illinois on this point, since I know the practice in the local state trial courts is to allow the payment of plaintiff's attorney's fees out of the fund paid into court in interpleader actions. But I am compelled to follow the law of Illinois as declared by its courts of review. The request for attorney's fees is therefore denied.

■ It is true that plaintiff has had the use of the policy proceeds for over four years, but it held them as an involuntary stakeholder. Its failure to pay initially was the result of the defendants' inability to decide among themselves who was entitled to the insurance money. In the case of an insurance policy, interest begins to run from the time that those entitled to the policy proceeds have put themselves "in position to demand payment of the policy * * *." Ocean Accident & Guarantee Corporation, Ltd. v. Schachner, 7 Cir., 1934, 70 F.2d 28, 30. By their inability to resolve conflicting claims, the defendants were not in position to demand payment. Because of the war, plaintiff could not bring this bill of interpleader at an earlier date. On balancing the equities, therefore, I think that plaintiff should not be required to pay interest on the net proceeds of the policy. By the same reasoning, however, plaintiff should not charge interest on the policy loan during this period when it has had the use of the policy proceeds without payment of interest. It is not clear from the financial statement in paragraph 8 of the bill of interpleader what the situation is with regard to interest on the policy loan. The plaintiff is therefore directed to file an amendment to the bill within twenty days clarifying this matter, and to pay into the registry of the court any interest charged on the policy loan following the death of the insured, whereupon

an order will be entered discharging the plaintiff, enjoining the defendants from suing the plaintiff, and allowing plaintiff's costs but not attorney's fees.