## BURTON v. RAILROAD RETIREMENT BOARD.

No. 10165.

United States Court of Appeals
Seventh Circuit.

Feb. 20, 1951.

John F. Sembower, E. H. Williams, John M. Leonard, Jr., all of Chicago, Ill., for petitioner.

Myles F. Gibbons, General Counsel, Railroad Retirement Board, Chicago, Ill., David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Chicago, Ill., Louis Turner, Ernest O. Eisenberg, Railroad Retirement Board, Chicago, Ill., of counsel, for respondent.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Petitioner seeks reversal of a decision of the Railroad Retirement Board denying his claim for an annuity under the Railroad Retirement Act 1937, 45 U.S.C.A. §§ 228a–228s. Having exhausted his remedies before the agency preliminarily to perfecting this proceeding, 45 U.S.C.A. Chap. 11, § 355 (f), he contends here that the Board's finding that he was not on leave of absence from employment on August 29, 1935, is not supported by the evidence.

Under the pertinent statute, 45 U.S.C.A. § 355(f), the finding, if supported by substantial evidence, in the absence of fraud, is conclusive. Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751. Consequently, upon review, the only question, in the absence of error of law, is whether the evidence legally sustains the factual view which the Board has taken; we may not revaluate the evidence or substitute our judgment on the facts for that of the Board. Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751; Wheeler v. Railroad Retirement Board, 8 Cir., 184 F.2d 173.

Petitioner's claim rests upon the factual premise that he was on leave of absence at the time of the pertinent date. It is based upon Section 1(d) (i) of the Act, which provides that a claimant will be deemed to have been in the employment relation on the enactment date, August 29, 1935, if he was on that date on leave of absence "expressly granted to him by the employer * * * or by a duly authorized representa-

tive of such employer". The Board, in its regulation 204.5 and 204.6 defines leave of absence as "action of the employer permitting or requiring the employee to remain away from active service" and provides that a leave shall cease whenever the employee retires; and that an employee shall be deemed to have retired if his rights have been terminated, if his record has been closed out, or if he has "resigned or relinquished his rights or otherwise separated himself from employer service."

The pertinent facts upon which the Board based its finding that petitioner was not on leave of absence on August 29, 1935 and, therefore, not entitled to an annuity follow. Petitioner testified that in 1913 he applied for and was granted, by his immediate superior, an oral leave of absence for one year. Since that time, he has at no time performed any labor for his former employer or any of its successors including the present company, the Railway Express Agency, Inc. At the end of the year, he did not "feel like going back to his employment," and instead embarked in the chemical business in which he has been engaged ever since. He was offered employment by a predecessor company in 1915 but did not accept. He has never had any contact of any sort with the Railway Express Agency, and did not, at any time during the last fifteen years, think that he had any relationship with it. However, in 1929, he testified, he asked the local express agent in the city in which he had worked prior to 1913, if the latter "could use me around the office," but made no attempt at any time to exercise his seniority rights by asking to be put back in his original position or by seeking to displace the person who had been installed therein. He rejected offers of reemployment by predecessors in 1915 and 1917, for the reason, he said, that he did not desire to do the kind of work that he had done before 1913, express agency work, but desired instead, employment as a claim agent. He stated further that, after the end of the first world war, he did not feel like going back to express tasks of any character, because "things were beginning to pick up in (his) chemical business"; that, when he asked

Mr. Faith, who held his former job, for work as an extra man around the office and did not secure employment, he did not protest, and that he never attempted to assert any right to his old position. He explained his failure to contact the Express Company by saying that he did not think that he had any connection with it.

■ Thus, it is clear that the Board was fully justified in believing from petitioner's own statements that his original leave of absence was for only a year; that at the end of that period, of his own volition, he did not return to work but embarked upon another undertaking in which he has been constantly engaged up to and including the present time; that he refused offers of reemployment; that he believed he had no relationship with the Express Agency, and that he never, until he filed this claim, attempted to exercise any rights as employee or any seniority privileges connected with such employment. It is clear, from the statute and the decisions previously cited, that the finding that petitioner was not on leave of absence in 1935 is amply sustained by this evidence, not to mention other corroborating circumstances.

It might well be observed further that the statute provides that a valid leave of absence from employment must be "expressly granted to him by the employer," yet the record is devoid of proof that the Express Agency ever at any time knew of, assumed, recognized or became bound to recognize the leave of absence. The affidavits submitted by petitioner fail to show any such connection; they state that petitioner was granted a leave with seniority rights in 1913, but contain no showing that it ever became binding upon the Agency. The record is utterly silent as to any evidence that it was ever intended, even by petitioner, not to mention the Agency, that a leave of absence admittedly for one year and never recognized by the present operating company, should continue in force and effect for over twenty years.

The record being such that we can not say as a matter of law that the evidence does not support the finding of the Board, the decision is affirmed.