Mary Rachel RICE, Petitioner,

v.

RAILROAD RETIREMENT BOARD,
Respondent.

No. 7959.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1959.

Decided Nov. 16, 1959.

Stanley J. Schapiro, Baltimore, Md.,
for petitioner.

Paul M. Johnson, Asst. General Counsel, Railroad Retirement Board, Chicago, Ill. (Myles F. Gibbons, General Counsel, David B. Schreiber, Associate General Counsel, and Richard F. Butler, Asst. General Counsel, Railroad Retirement Board, Chicago, Ill., on brief), for respondent.

Before SOPER, HAYNSWORTH, and BOREMAN, Circuit Judges.

PER CURIAM.

This petition seeks to review a decision of the Railroad Retirement Board wherein it was determined that the petitioner, Mary Rachel Rice, was not the widow of the insured railroad employee, Benjamin F. Rice, and therefore was not eligible for a lump sum payment of $440.00 under § 5(f) (1) of the Railroad Retirement Act, 45 U.S.C.A. § 228e(f) (1).

The Board found that the decedent had been previously married to Canzada Rice and had not been divorced from her on September 13, 1955, a month before his death, when a wedding ceremony between him and Mary Rachel Rice, the petitioner, was performed. In reaching its decision, the Board, in accordance with § 5(l) (1) of the Act undertook to apply the law of Maryland, where the decedent lived at the time of his death.

In seeking to reverse the decision of the Board, petitioner cites the cases in Maryland which lay down the rule that there is a presumption against bigamy and when a second marriage has been solemnized according to the forms of law, every presumption will be indulged in favor of its validity. In Schaffer v. Richardson's Estate, 125 Md. 88, 93 A. 391, 392, L.R.A.1915E, 186, the Court said:

"The tendency of the courts is to hold the second marriage valid, es-

806

pecially if there is issue which may be bastardized by contrary holding, and if the marriage has not been questioned for many years its validity will not be overcome by the mere proof of a prior marriage. In such case the presumption in favor of innocence, morality, legitimacy will prevail over the presumption of the continuance of the former marriage, and it will be presumed that the first marriage was not binding at the time of the second. * * *

"Proof of subsequent marriage alone makes out a prima facie case as to its validity. To overcome this prima facie case proof of a former marriage is required, and also evidence from which it may be concluded that it has not been dissolved by death or divorce."

In applying this rule to the facts in the pending case, the Board relied on evidence which tended to show not only that Canzada Rice had been previously married to the decedent but that the marriage had never been dissolved by death or divorce. There was abundant testimony to show that Canzada was married by a clergyman on December 25, 1912, in the presence of members of her family and that she lived with the deceased until he left her in 1921 to go to Baltimore with another woman; and that four children were born of the marriage of Canzada and the deceased, all of whom survived him, and that to the knowledge of Canzada he never secured a divorce from her nor did she obtain a divorce from him.

Furthermore, a search of the court records in the various places in which the deceased lived after the separation from Canzada to the time of his death failed to reveal any record of a divorce between them. In the face of this evidence, the petitioner relies only on the contention that there is still a possibility that the deceased may have obtained a divorce from Canzada by service of publication upon her without her ever having actually become aware of it.

 It is obvious, under this statement of facts, that there was abundant evidence to sustain the findings of the Board which, under the terms of the statute, 45 U.S.C.A. § 355(f), are conclusive upon the reviewing courts *if* supported by evidence and in the absence of fraud.

Affirmed.