Alvai J. STEPHENS, Petitioner,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 13449.

United States Court of Appeals Seventh Circuit.

April 26, 1962.

Levi H. Morris, Chicago, Ill., for petitioner.

Myles F. Gibbons, General Counsel, Railroad Retirement Board, Chicago, Ill., David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Willis R. Barber, Railroad Retirement Board, Chicago, Ill., of counsel, for respondent.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Alvai J. Stephens, petitioner, seeks review of a decision of the Railroad Retirement Board. 45 U.S.C.A. § 228k; § 355(f). The Board's decision denied the claim of petitioner, sister of Lowell Brooks Williams, a deceased employee insured under the act, to death benefits under the provisions of § 5(f) (1) and (2) of the Railroad Retirement Act (45 U.S.C.A. 1952 ed., § 228e(f) (1) and (2)). This decision, rendered on July 27, 1960, sustained decisions of the Board's Bureau of Retirement Claims, its initial adjudication unit, and of its Appeals Council, an intermediate appellate body, that the petitioner, a sister of the deceased employee, was not eligible for benefits as administratrix of his estate or as partial payer of his funeral expenses, for the reason that he was survived by a widow, Donnie Howard Williams.

While the act provides for the payment of insurance to a widow, if one survives, the effect of the act, as applied to the facts of this case, is that, if no widow, widower, child or parent entitled to benefits survived, this insurance benefit would have been payable to any person or persons "equitably entitled thereto" to the extent and in the proportions that he, she or they may have paid the expenses of burial of the deceased employee.

The Board's decision was based on its finding that the employee and Mrs. Williams had entered into a valid common-law marriage while residing in the State of Colorado and that such marriage would be recognized as a valid marriage under the laws of the State of Illinois, where the employee was domiciled at the time of his death.

In finding that Mrs. Williams was the widow of the deceased employee, the Board applied the law of the State of Illinois in accordance with § 216(h) (1) of the Social Security Act (42 U.S.C.A. 1952 ed., § 416(h) (1)) which was incorporated into the Railroad Retirement Act by reference in the last paragraph of § 5(l) (1) of the said Act (45 U.S. C.A. 1952 ed., § 228e(l) (1)) and which provides, as set forth in 42 U.S.C. 1952 ed., page 6075:

> "In determining whether an applicant is the wife, husband, widow, widower, child, or parent of a fully insured or currently insured individual for purposes of this subchapter, the Administrator shall apply such law as would be applied in determining the devolution of intestate personal property * * * if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death * * *. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, husband, widow, widower, child, or parent shall be deemed such."

█ Whether or not a common-law marriage was entered into by Williams was largely a question of fact which, under the law, was submitted to the administrative agency here involved. In the absence of fraud, we may not disturb the decision of the Railroad Retirement Board where it is supported by substantial evidence in the record, when viewed

in the light that the record in its entirety furnishes, and has a reasonable basis in law. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456. The decision now under consideration meets this test. Accordingly, we may not revaluate the evidence or substitute our judgment on the facts for that of the Board. McKissick v. Railroad Retirement Board, 7 Cir., 295 F.2d 287, 288; Burton v. Railroad Retirement Board, 7 Cir., 187 F.2d 236.

 The evidence in this record is in conflict. However, there is substantial evidence, although contradicted, which supports the findings of the Board. We are, therefore, required to affirm the order under review.

Order affirmed.