Mrs. Stella **PATTON**, Petitioner,

v.

**RAILROAD RETIREMENT BOARD**, Respondent.

No. 20034.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1963.

Milam L. R. Wade, Dallas, Tex., for petitioner.

Myles F. Gibbons, Gen. Counsel, R. R. Board, David B. Schreiber, Assoc. Gen. Counsel, Railroad Retirement Bd., Chicago, Ill. (Helen V. Dudley, Railroad Retirement Bd., Chicago, Ill., of counsel), for respondent.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This appeal involves the question of whether there is sufficient evidence to support the findings of the Railroad Retirement Board that the Claimant (Stella) was not the widow of the deceased railroad employee and, consequently, was not entitled to widow's benefits. We think the record supports these findings. We deny her appeal and affirm the decision of the Board.

 The evidence in behalf of Stella's claim is conflicting, confusing, and incomplete. Its inadequacy is such that there is actually considerable question whether the deceased employee is the same person as the alleged husband of Claimant Stella.[1] Sketchy as is the record, a literal account of the activities of the deceased employee reads like a modern Odyssey or Gulliver's Travels. To say the least, he was a wanderer. The chances are he was born in Houston, Texas sometime in 1888. His father's name was Robert Paden (or Patton) and his mother's maiden name was either Priscilla Wright or Percilla McSwain. The claim of Stella rests on the marriage with the deceased employee in 1905. But even this is enveloped in some uncertainty. A marriage license was issued in Terrell, Texas to Stella Wilhite and Will Patton in November 1905. But this was not returned to the County Clerk's office for recording. Two children were apparently born of their union, but in 1929 the employee by affidavit denied ever knowing a Stella Wilhite or her two children. The employee deserted Stella either in 1912 or 1917, and it is undis-puted that from that time until his death they did not live together. He served with the United States Army in France during World War I and was discharged in 1920. He was in Silver City, New Mexico in 1921. He married Lillie Robieson in Central, New Mexico in April 1924. She died in 1927. He next appears in Denver in May 1929, started to work for the railroad in 1934, and lived in Colorado from 1931 to 1938. From 1938 until his death, he lived in Chicago, Illinois. Here enters Emma, wife number two or three and the present rival to the widow's benefits. On October 27, 1936, the employee and Emma Davis were ceremonially married in Chicago. They lived together as husband and wife until his death on July 21, 1958. Emma Davis Paden was designated by the employee as his beneficiary on all papers filled out by him subsequent to 1936, and she is presently receiving his railroad retirement benefits.

Both "wives" filed application for widow's benefits.[2] Through its administrative agencies, the Board denied the claim of Claimant Stella.[3] This appeal follows.

 The scope of our review as to fact findings made by the Board is narrow and limited. We are not to retry the case nor substitute inferences drawn by us for those of the Board. Congress has provided that "[t]he findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." 45 U.S.C.A. § 355(f) incorporated into 45 U.S.C.A. § 228k. Interpreting this provision, the cases have generally talked in terms of sub-

1. The Board found that the evidence did not conclusively show they were one and the same. Though this uncertainty is a relevant factor bearing on the negative record showing of no divorce, we may assume that Claimant's "husband" is the deceased employee, although during his lifetime he went by the different names of Will Patton, William Patton, William Peyton, and Will Paden.

2. Under the procedure followed before the Board, there is nothing comparable to an interpleader of rival claimants, so Emma is not a party to this appeal.

3. Admittedly Claimant Stella is not entitled to the widow's insurance annuity, since under 45 U.S.C.A. § 228e(a) and (l) (1) (i) the survivor must be living with the employee at the time of his death. Claimant, however, asserts that she is entitled to a lump sum payment as a widow since the "living with" requirement was not added to this provision of the statute until after the death of the employee here. 45 U.S.C.A. § 228e(f) (1).

stantial evidence, e. g., Stephens v. Railroad Retirement Bd., 7 Cir., 1962, 301 F.2d 899; McKissick v. Railroad Retirement Bd., 7 Cir., 1961, 295 F.2d 287; Smith v. Railroad Retirement Bd., 5 Cir., 1959, 267 F.2d 369; Railway Express Agency, Inc. v. Railroad Retirement Bd., 7 Cir., 1958, 250 F.2d 832; cf. Rice v. Railroad Retirement Bd., 4 Cir., 1959, 271 F.2d 805; Squires v. Railroad Retirement Bd., 5 Cir., 1947, 161 F.2d 182. As the Board does not here suggest a different standard, we have no need to consider whether any less would satisfy the unqualified term "if supported by evidence." We hold that there is substantial, and therefore sufficient, evidence in this record to support the Board's findings of fact.

■■ Although we are bound to the facts as found by the Board "if supported by evidence," we are in no manner bound in ascertaining the correctness of the Board's legal conclusions. Cases from this and other Circuits have stated in various ways that a Board decision will not be disturbed if such decision is in accord with the law. See, e. g., Stephens v. Railroad Retirement Bd., 7 Cir., 1962, 301 F.2d 899, 901 ("reasonable basis in law"); McKissick v. Railroad Retirement Bd., 7 Cir., 1961, 295 F.2d 287, 288 ("neither arbitrary nor lacking a reasonable basis in law"); Smith v. Railroad Retirement Bd., 5 Cir., 1959, 267 F.2d 369, 371 ("no error of law"); Mahoney v. Railroad Retirement Bd., 7 Cir., 1952, 194 F.2d 752, 756 ("not arbitrary, capricious or incorrect in law"); Squires v. Railroad Retirement Bd., 5 Cir., 1947, 161 F.2d 182, 183 ("in accordance with law").

■■ In determining the status of the Claimant Stella as a widow of the employee, the Act required the Board to apply the law of the state of the employee's domicile at his death—the law of Illinois, 45 U.S.C.A. § 228e(*l*) (1) incorporating 42 U.S.C.A. § 416(h) (1).

Thus bound, the Board correctly applied the law of Illinois. The Board relied on the case of Coal Run Coal Co. v. Jones, 1886, 127 Ill. 379, 8 N.E. 865. Reflecting an obvious and proper concern for the integrity of marriage and home, that case established that where a second marriage is affirmatively shown—as was Emma's here—the law raises a very strong presumption as to its legality which is not overcome by mere proof of a prior marriage. Adhering to this Illinois view the Board determined that Claimant Stella was not the employee's widow for purposes of 45 U.S.C.A. § 228e benefits. See also Baer v. DeBerry, 31 Ill.App.2d 86, 1961, 175 N.E.2d 673; Winter v. Dibble, 1911, 251 Ill. 200, 95 N.E. 1093.

■■ The Board was entitled to take into account the wanderlust of this employee, the uncertainty as to his identity with the person marrying Stella in 1905, the uncertainty about any such marriage and the demonstrated uncertainty as to the names used as he moved hither and yon in and out of various states of residence, employment and matrimony. The negative record evidence of no divorce consisting of certificates from clerks of domestic relations courts of all of the indicated prior places of the employee's residence did not compel the Board to conclude that the earlier 1905 marriage to Stella had never been dissolved. To overcome the strong Illinois presumption it took equally strong refutation. As would an Illinois Court, the Board was entitled to hold the showing inadequate. Nothing done by the Board is at variance with Illinois law or the exposition of it in the case of Schmisseur v. Beatrie, 1893, 147 Ill. 210, 35 N.E. 525, so strongly urged here by Claimant Stella.

The Board's fact findings are supported by the record and are in accord with the law of Illinois. There it ends.

Affirmed.