**Vincent John NOVAK, Petitioner,**
**v.**
**RAILROAD RETIREMENT BOARD,**
**Respondent.**
**No. 14207.**

United States Court of Appeals
Seventh Circuit.
Oct. 4, 1963.

Rehearing Denied Nov. 1, 1963.

Myles F. Gibbons, Chicago, Ill., David B. Schreiber, Associate General Counsel, Railroad Retirement Board, Edward E. Reilly, Richard D. Quinlan, Railroad Retirement Board, Chicago, Ill., of counsel, for respondent.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

PER CURIAM.

Petitioner, Vincent John Novak, pro se, seeks review of a decision of respondent, Railroad Retirement Board, rendered March 8, 1963, holding that petitioner was not entitled to receive unemployment benefits under the Railroad Unemployment Insurance Act, 45 U.S. C.A. §§ 351–367, with respect to days claimed by him as "days of unemployment" from June 11 through June 18, 1962,[1] because he was not "available for

1. Under Section 2(a) of the Act benefits are payable only for days of unemployment in excess of four during any regis-

work" on such days as required by Section 1(k) of the Act.

Petitioner has worked for the Pennsylvania Railroad Company for 38 years and was employed in June, 1962, as a locomotive engineer. He was "pulled out of service" by the road foreman of engines on June 9, 1962, for failure to submit to a periodic physical examination by the railroad doctor on June 8, 1962. On June 18, 1962, petitioner submitted to such physical examination and was returned to work on the following day.

Our review of this matter, after hearing oral argument by the parties, leads us to conclude that the decision of respondent Board was not arbitrary or capricious, that it had a reasonable basis in law and was supported by substantial evidence in the record. Stephens v. Railroad Retirement Board, 7 Cir., 301 F.2d 899 (1962); McKissick v. Railroad Retirement Board, 7 Cir., 295 F.2d 287 (1961); Railway Express Agency, Inc. v. Railroad Retirement Bd., 7 Cir., 250 F.2d 832 (1958), cert. denied, 356 U.S. 967, 78 S.Ct. 1005, 2 L.Ed.2d 1073.

Under applicable law, we are, therefore, required to affirm the order under review.

Order affirmed.

---

tration period. The maximum daily benefit under the Act is $10.20. Petitioner would be entitled to recover $40.80 if all the days he claims were "days of unemployment" as defined in the Act.