**Mrs. Almena Willet MATTHEWS,
Petitioner,**

v.

**RAILROAD RETIREMENT BOARD,
Respondent.**

**No. 72–2942
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1973.

York et al., 5 Cir. 1970, 431 F.2d 409, Part. I.

Doris Falkenheiner, Asst. Dir., Legal Aid Society of B. R., Baton Rouge, La., for petitioner.

Myles F. Gibbons, Gen. Counsel, David B. Schreiber, Associate Gen. Counsel, Dale G. Zimmerman and David D. Lucci, of counsel, for respondent.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Under the provisions of 45 U.S.C.A. § 228k, Almena Matthews seeks to set aside the final decision of the Railroad Retirement Board denying her claim for a widow's insurance annuity provided for.in 45 U.S.C.A. § 228e(a).

Almena and the deceased employee, Charlie Matthews, were married in the Parish of West Feliciana, Louisiana, in 1914 but separated in 1924. Charlie married Lottie Walker in 1943, who died in 1946; later he married Lucille Bolieu who was living with him as his wife when he died in 1969.

Almena argues that she and Charlie were never divorced, that any subsequent marriage of his was invalid, and that she therefore ·bears the status of

widow under the applicable law—that of Louisiana, in conformity with the provisions of the Social Security Act, 42 U. S.C.A. § 416(h)(1)(A). Patton v. Railroad Retirement Board, 5 Cir. 1963, 313 F.2d 434, 437. The Board found, however, that Lucille Bolieu was Charlie's widow because Almena had not rebutted the Louisiana presumption of the validity of one's most recent marriage. Lands v. Equitable Life Assurance Society of United States, 1960, 239 La. 782, 120 So. ‹ 2d 74. The Board's finding was partially based on new information obtained and considered by the Board that Charlie's work for the Yazoo & Mississippi Railroad may have taken him to any one of six counties in Mississippi, as well as to ten parishes in Louisiana. Since Almena had only shown that Charlie had never obtained a divorce in the Parishes of West Feliciana and East Baton Rouge, the two parishes where he was known to have been domiciled, the Board found that she had failed to prove that Charlie did not obtain a divorce in one of the other parishes or counties.

Clearly the Board, in its review of the referee's decision, did not comply with its own regulation, 20 CFR § 260.3(d),[1] in that it failed to furnish Almena with the new information which it had obtained and considered subsequent to the referee's decision, i. e., the list of the parishes and counties through which the railroad passed. See Service v. Dulles, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499, 98 L. Ed. 681. Had she been furnished this new evidence on which the Board relied, she may have been able to show that Charlie never obtained a divorce in any of these other counties or parishes. Under the Board's regulation she should have been afforded the opportunity to

---

1. In pertinent part 20 CFR § 260.3(d) provides:

Upon final appeal to the Board, the appellant shall not have the right to submit additional evidence: Provided, however, That, if upon final appeal to the Board, the Board finds that new or better evidence is available, the Board may obtain such evidence, in which event the appellant shall be advised with respect to such evidence and given an opportunity to submit rebuttal evidence and argument: . . .

examine any new information the Board was considering and to submit any relevant rebuttal evidence.

The order of the Board is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.